Kern, J.
INTRODUCTION
The Plaintiff, Medical Professional Mutual Insurance Company (“ProMutual”), brought this action for declaratory judgment seeking declarations that: 1) a medical malpractice insurance policy issued to Weston OB/Gyn Associates, Inc. (“Weston OB/Gyn”) does not provide coverage for an underlying medical malpractice suit filed by Joan and Robert DiMinico (“the DiMinicos”) because the policy was not in effect at the time of the alleged negligence; and therefore 2) ProMutual may withdraw from the defense of Weston OB/Gyn. ProMutual has moved for summary judgment on its declaratory judgment action.[2] Defendants, Weston OB/Gyn and Kathleen LeMaitre, M.D. (“Dr. LeMaitre”), have not filed an opposition to ProMutual’s motion for summary judgment and the DiMinicos only oppose ProMutual’s motion for summary judgment on the indemnification issue. For the reasons set forth below, plaintiff s motion is DENIED.
BACKGROUND
On February 2, 1999, the DiMinicos filed suit against Weston OB / Gyn and Dr. Caren McCready (“Dr. McCready”) for an alleged failure to diagnose Joan DiMinico’s breast cancer. The DiMinicos alleged that from October 10, 1991 through March 13, 1997, Weston OB/Gyn “negligently, carelessly and/or unskillfully” cared for and treated Mrs. DiMinico. On July 27, 1999, the DiMinicos amended their complaint to include Dr. LeMaitre as a defendant. Dr. LeMaitre was added because the DiMinicos received information that, although Dr. McCready had treated Mrs. DiMinico in 1991, 1992, and 1997, Dr. LeMaitre, not Dr. McCready, was the Weston OB/Gyn physician who had treated Mrs. DiMinico during 1996. The motion to amend was allowed and the DiMinicos dismissed their claims against Dr. McCready with prejudice on January 10, 2001.[3]
Weston OB/Gyn purchased a Partnership and Corporation Professional Liability Policy effective September 28, 1996 (“the Policy”) from Professional Mutual Insurance Company. The Policy was canceled effective March 10, 1997 at the request ofWeston OB/Gyn. The Policy that Weston OB/Gyn purchased was an occurrence policy, subject to the terms and conditions of the Policy. The Policy states the following:
Direct Liability: The company will pay on behalf of an insured all sums up to the maximum limits purchased, which the insured shall become legally obligated to pay as damages because of any injury arising out of the performance of professional services rendered, or which should have been rendered, during the policy period by a partner or member of the named insured.
The individuals who were designated in the Policy as members ofWeston OB/Gyn were Dr. McCready and Dr. LeMaitre.
*432 In February 1999, ProMutual provided defense of Weston OB/Gyn under a reservation of rights to contest coverage. ProMutual reserved its right to disclaim coverage under the Policy because it appeared that any alleged negligence by Weston OB / Gym that formed the basis for the DiMinicos’ claim occurred in April 1996, several months before the policy took effect on September 28, 1996. ProMutual notified Weston OB/Gyn that it was reserving this right to discontinue its funding of the defense of Weston OB/Gyn and to withdraw from the defense of Weston OB/Gyn. In the underlying medical malpractice case, ProMutual is defending Dr. LeMaitre without reservation of rights under her individual professional liability policy. Pro-Mutual asserts that the outcome of this declaratory judgment action will not affect ProMutual’s defense or indemnification of Dr. LeMaitre in the underlying action.[4]
DISCUSSION
Summary Judgment Standard
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 281 (1997); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the initial burden of affirmatively demonstrating the absence of genuine issues of material fact and of entitlement to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate an absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of the claim at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17.
Policy Coverage
Interpretation of policy language is a question of law for the court. See Jet Line Servs, Inc. v. American Employers Ins. Co., 404 Mass. 706, 710 n.5 (1989). It is settled that if allegations of the complaint are reasonably susceptible of an interpretation that they state a claim covered by the policy, the insurer must undertake the defense. See, e.g., Continental Cas. Co. v. Gilbane Bldg. Co., 391 Mass. 143, 146 (1984). When “the allegations lied expressly outside the policy coverage and its purpose," however, summary judgment for the insurance company is proper. See Lusalon, Inc. v. Harford Acc. & Indem. Co., 400 Mass. 767, 773 (1987), quoting from Terrio v. McDonough. 16 Mass.App.Ct. 163, 168 (1983). “What is not permitted is that an insurer shall escape its duty to defend the insured against liability arising on the face of the complaint and policy, by dint of its own assertion that there is no coverage in fact: the insurer then stands in breach of its duty even if the third party fails in the end to support any such claim of liability by adequate proof.” Sterilite Corp. v. Continental Casualty Co., 17 Mass.App.Ct. 316, 324(1983), citing Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531, 538-39 (8th Cir. 1970).
In the case at bar, there is no dispute that Dr. LeMaitre treated and diagnosed Mrs. DiMinico in February and April of 1996. There is also no dispute that the policy went into effect as of September 1996 and was terminated in March of 1997. However, the DiMinico’s amended complaint raises the issue of whether Weston OB/Gyn and Dr. LeMaitre breached a continuing duty to investigate the breast lump present on February 15, 1996 and April 26, 1996 and whether that duty continued through at least March 1997. The question of whether a continuing duty existed through at least March 1997 is a genuine issue of material fact that must be determined by the fact finder. See Shannon v. Ramsey, 288 Mass. 543, 547 (1934).
In an effort to escape its duty to defend, ProMutual relies on a January 2, 2001 letter submitted to the Medical Malpractice Tribunal by Dick Brown, M.D. (“Dr. Brown”), the DiMinico’s expert, which states “that the negligence occurred in April 1996, when Dr. LeMaitre failed to have a core or excisional biopsy done on a breast lump that had been present for at least two and one-half months.” ProMutual claims that Dr. Brown’s letter, submitted in the DiMinico’s Offer of Proof to the Medical Malpractice Tribunal, makes clear that the alleged failure to diagnose and to treat properly .Mrs. DiMinico’s condition occurred only in April 1996, before the ProMutual policy was in effect. However, ProMutual’s reliance on such discovery is inadequate proof to demonstrate with conclusive effect that as a matter of law the DiMinicos cannot establish a claim within the policy. See Sterilite Corp., 17 Mass.App.Ct. at 323. Therefore, ProMutual’s motion for summary judgment is denied.
ORDER
For the foregoing reasons, ProMutual’s Motion for Summary Judgment is DENIED.

 ProMutual and defendants Weston OB/Gyn and Dr. LeMaitre have stipulated that ProMutual has no obligation to defend or indemnify Weston OB/Gyn in the underlying medical malpractice lawsuit and ProMutual may withdraw from the defense of Weston OB/Gyn in the DiMinico suit and discontinue funding the defense of Weston OB / Gyn upon ten days notice.

 The DiMinicos did not receive any consideration in exchange for the dismissal of their claims against Dr. McCready. (See ProMutual’s Statement of Undisputed Facts, p. 5.)

 defendants, Weston OB/Gyn and Dr. LeMaitre, have defaulted in this declaratory judgment action for failure to respond to the complaint, and ProMutual has moved for entry of a default judgment against them.